UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

**EMPLOYERS AND OPERATING ENGINEERS
LOCAL 520 PENSION FUND, et al.,**

      **Plaintiffs,**

v.

**JPK EXCAVATING, INC.,**

      **Defendant.**                              **CASE NO. 05-CV-268-DRH**

## MEMORANDUM AND ORDER

**HERNDON, District Judge**

### I. INTRODUCTION & BACKGROUND

Plaintiffs were allowed to file this Renewed Supplemental Motion for Default Judgment and supporting memorandum (Docs. 16 & 17), in order to attempt correction of several evidentiary deficiencies noted by the Court in its previous Order (Doc. 15) denying without prejudice Plaintiffs' original and first supplemental motions for default judgment (Docs. 8 & 12).  Plaintiffs consist of several employee benefit funds and their representative fiduciaries, existing on behalf of members of the Operating Engineers Local Union No. 520 (the "Union").  (Doc. 1, ¶¶ 1-6.) Defendant is an Illinois corporation that employed Union members.  (Doc. 1, ¶ 7.)

The Union and Defendant entered into a collective bargaining agreement (the "Agreement").  Among other things, Defendant is required to (1) pay fringe benefit contributions for each hour of covered Union member work, (2) submit

1

monthly report forms reflecting the hours worked and contributions owed, and (3) pay a 10% liquidated damages charge on all untimely benefit contribution payments. (Doc. 9, p. 1-2 and Doc. 9-2 "*Affidavit of David Glastetter*" ¶¶ 3-5, Ex. 1 (Articles 34-37, 45 and Schedule A).)[1]

Ultimately, Plaintiffs seek a default judgment against Defendant in the amount of $49,109.07. (Docs. 16, 17 & 19.) This total amounts represents $10,101.00 owed in delinquent contributions and $1,747.52 owed in liquidated damages for the time period of January through April, 2005, and $33,179.68 owed in delinquent contributions and $3,319.97 owed in liquidated damages for the time period of June through August, 2005. (Doc. 19.) Lastly, Plaintiffs also seek reimbursement in the amount of $762.90 for related attorneys' fees and costs. (*Id.*)

Specifically in its previous Order (Doc. 15), the Court noted the following evidentiary items Plaintiffs should submit should they elect to file a renewed supplemental motion for default judgment:

(1) Evidence to show that Defendant was bound by the Agreement for the time period at issue, from January through April, 2005, and June through August, 2005, including signature pages of the Agreement signed by both parties;

(2) Evidence to show the contribution amounts Defendant is contractually obligated to pay to Plaintiffs under the Agreement

---

[1] For a more details factual context to this matter, *see* Case No. 05-cv-268-DRH, Doc. 15.

>   for January through April, 2005, and June through August, 2005, (as stated in Schedule A of the Agreement); and
>
> (3) Monthly reports submitted by Defendant to Plaintiffs for the months of January through April, 2005, and June through August, 2005.

## II. **DISCUSSION**

**1.   The Agreement**

In their renewed supplemental motion and supporting memorandum, Plaintiffs explain that a copy of the wrong Agreement was erroneously attached to the previously filed Affidavit of David Glastetter.  (*See* Doc. 17, p. 1.)  As such, the Court was unable to grant Plaintiffs' motion for default judgment, because the cover page of the Agreement initially submitted by Plaintiffs indicated it covered the time period of August 1, 1999 through July 31, 2004 – a time which preceded the instant matter. (*See* Doc. 15, pp. 6-8.)  Plaintiffs have now attached what is claimed to be the correct copy of the Agreement, labeled as Exhibit 6 (hereinafter the "Current Agreement") to the Third Affidavit of David Glastetter.  (Doc. 17-2, ¶ 2 and Ex. 6.)  The cover page of the Current Agreement indicates that it is effective from August 1, 2004 through July 31, 2007.  This time frame would cover the months for which Plaintiffs seek delinquent benefit contributions, liquidated damages and their attorneys' fees and costs.

Additionally, the signature page submitted with Plaintiffs' initial and supplemental motions for default judgment was deemed insufficient by this Court

3

because it was not signed by both parties to the Agreement. Accordingly, Plaintiffs have submitted a signature page with their renewed supplemental motion (*see* Doc. 17-2, ¶ 2, Ex. 2), containing signatures of both a representative of Plaintiffs and of Defendant. The Court also notes that the date on this signature page, October 24, 2004, is now also within the time frame of the Current Agreement (August 1, 2004 through July 31, 2007). This was not previously the case when Plaintiffs had erroneously submitted the incorrect Agreement. It now appears that this is the proper signature page (Doc. 17-2, Ex. 2) to the Current Agreement. After review of the Current Agreement, signature page to the Current Agreement and consideration of Plaintiffs' arguments, the Court is satisfied that the Current Agreement substantiates Plaintiffs' claim of contractual entitlement to benefit contributions, liquidated damages and reasonable attorneys' fees and costs as sought in their Renewed Supplemental Motion for Default Judgment. (Doc. 16.)

**2.     Schedule A of the Agreement - Showing Contributions Amounts Due**

Plaintiffs claim that Schedule A of the Current Agreement provides for the amount of contribution Defendant owed for the time period at issue. (Doc. 17-2, ¶¶ 3 & 4 and Ex. 6.) However, when previously reviewing the incorrect Agreement, the Court found this evidence to be deficient because the previous Agreement did not indicate Schedule A covered the relevant time periods of January through April, 2005 and June through August, 2005. (Doc. 15, p. 7.) Now, the Current Agreement Plaintiffs have submitted *does* cover the time period at issue and hence, Schedule A of the Agreement appears applicable for setting forth the fringe benefit contribution

4

rates owed by Defendant.

**3.    Defendant's Monthly Contribution Reports for January through April, 2005 and June through August, 2005.**

In their initial motion for default judgment, Plaintiffs indicated that Defendant submitted monthly reports to show the amount of benefit contributions owed for the months of January through April, 2005. (*See* Doc. 9, p. 1, Doc. 9-2 "original *Glastetter Aff.*" ¶¶ 7&8 and Ex. 3.) Yet, Plaintiffs did not submit these reports as exhibits. Rather, the evidence submitted was a spreadsheet prepared by Plaintiffs indicating the alleged amounts owed by Defendant. Interestingly enough, in support of their supplemental motion, Plaintiffs submitted Defendant's actual monthly contribution reports for the months of June through August, 2005, as exhibits. (*See* Doc. 13, p. 1, Doc. 13-2 "supp. *Glastetter Aff.*" ¶ 3 and Ex. 4.) Therefore, the Court was left to wonder why Plaintiffs had not submitted the *best* evidence – that being Defendant's actual contribution reports for the months of January through April, 2005, with their initial or supplemental motions. (Doc. 15, pp. 8-9.)

In order to rectify this evidentiary deficiency, in their renewed supplemental motion for default judgment, Plaintiffs have submitted Defendant's contribution reports for the months of January through April, 2005, as Exhibit 7. (Doc. 17-2, ¶ 5 & Ex. 7.) In reviewing these reports and also Defendant's reports for the months of June through August, 2005, previously submitted as exhibits, the Court believes Plaintiffs have provided adequate evidence to support the monetary

5

default judgment sought against Defendant.

### III.  CONCLUSION

Plaintiffs have submitted the requisite evidence, as requested by the Court in its previous Order (Doc. 15), to support their claim of entitlement to fringe benefit contributions and liquidated damages thereon, owed by Defendant for the months of January through April, 2005 and June through August, 2005, pursuant to the Collective Bargaining Agreement signed by the parties to this matter, effective from August 1, 2004 through July 31, 2007.  Further, Plaintiffs have adequately demonstrated that this Current Agreement provides a right to collect their reasonable attorneys' fees and costs arising from this suit.

As Defendant has not opposed Plaintiffs' Renewed Supplement Motion for Default Judgment, and because the evidence and supporting affidavits indicate with reasonable certainty Plaintiffs' right to the amount sought in default against Defendant, the Court hereby **GRANTS** Plaintiffs' Motion. Accordingly, the Clerk shall enter a **Default Judgment** in favor of Plaintiffs and against Defendant in the amount of **$49,109.07.**

**IT IS SO ORDERED.**

**Signed this 22nd day of November, 2005.**

/s/            David RHerndon

**United States District Judge**